UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:16-cv-06955-PSG (GJSx) | Date | November 10, 2016 |
|---|---|---|---|
| Title | Kava Holdings, LLC, et al. v. Mori Pam Rubin, in her capacity as Regional Director of Region 31 or the NLRB | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:**  (IN CHAMBERS) Order DENYING Plaintiffs' Motion for Expedited Discovery [Dkt. 33] and DENYING Defendant's Motion for Stay of Discovery [Dkt. 37]

    This matter is before the Court on Plaintiffs' Motion for Expedited Discovery and Defendant's Cross-Motion to Stay Discovery. By *ex parte* applications, both parties requested expedited briefing and consideration of their motions, because Plaintiffs' motion for a preliminary injunction, and now Defendant's motion to dismiss, are pending before the District Judge and set for hearing on November 21, 2016. The Court granted the *ex parte* applications, and both motions were fully briefed on October 24, 2016. The Court held a hearing on October 27, 2016. After argument, the Court ordered the parties to submit additional authority addressing two issues identified by the Court at the hearing, which the parties did on November 1, 2016. The Court having considered the briefing and arguments of counsel at the hearing, hereby DENIES both motions for the reasons that follow.

**1. Background**

On July 29, 2016, the NLRB issued an unfair labor practices complaint against Plaintiff Kava Holdings, LLC, dba The Hotel Bel Air. The NLRB accuses the Hotel of anti-union animus in its hiring of employees when it re-opened, after two years of renovations, in October 2011. The original charge that led to the July 2016 complaint was filed by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:16-cv-06955-PSG (GJSx) | Date | November 10, 2016 |
|---|---|---|---|
| Title | Kava Holdings, LLC, et al. v. Mori Pam Rubin, in her capacity as Regional Director of Region 31 or the NLRB | | |

union on February 15, 2012. Plaintiffs' Complaint here in the District Court [Dkt. 1] contends that the NLRB's four-and-a-half year delay in filing the underlying administrative complaint is unreasonable and has irreparably prejudiced Plaintiffs' ability to defend itself. Plaintiffs assert causes of action for statutory and common law mandamus, violation of administrative due process (citing 5 U.S.C. § 706(1)), and laches.

## 2. Plaintiff's Motion for Expedited Discovery

Plaintiffs seek to depose Defendant Rubin in her capacity as Regional Director (or, alternatively, to depose an appropriate 30(b)(6) deponent) prior to the November 21st hearing on their motion for preliminary injunction. Plaintiffs seek discovery regarding the reasons for the NLRB's delay in filing the administrative complaint, as well as identification of other witnesses with such knowledge and any documents the Board may use to support any contention that the delay was reasonable. [Dkt. 33, Exh. A at 2.] Plaintiffs contend that good cause exists for the requested expedited discovery because (1) it is narrowly tailored, seeking evidence Plaintiffs contend is required for full consideration by the District Judge of Plaintiffs' motion for preliminary injunction; (2) Plaintiffs will be irreparably harmed if they lose the preliminary injunction motion and have to defend the underlying administrative action; and (3) the burden on the NLRB would be minimal. [*Id*. at 4-7.]

The NLRB opposes Plaintiffs' motion on two bases. First, Defendant argues that the Court lacks jurisdiction over this case, and given that Defendant has filed a motion to dismiss (set for hearing the same day as Plaintiffs' preliminary injunction motion), the Court should deny any motion for discovery. The NLRB's cross-motion to stay all discovery is premised on this same theory. Second, Defendant contends that the discovery Plaintiffs seek is protected by both the deliberative process and work product privileges. [Dkt. 37, Exh. B at 2, 5.] The Court will not consider the latter argument in the context of this motion, as the application of both privileges is very fact-specific – made on a case-by-case basis when considering specific communications or work product

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:16-cv-06955-PSG (GJSx) | Date | November 10, 2016 |
|---|---|---|---|
| Title | Kava Holdings, LLC, et al. v. Mori Pam Rubin, in her capacity as Regional Director of Region 31 or the NLRB | | |

– so it is not ripe at this time. In fact, the Court considers it highly unlikely that *all* testimony that an NLRB representative could give on this topic would be privileged.

     The parties do not dispute that, with one narrow exception, district courts do not have jurisdiction to review or enjoin NLRB proceedings, which are appealed directly to the circuit courts after final decision by the administrative body. *See* 29 U.S.C. § 160(e) and (f); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48, 51 (1938); *Americo v. NLRB*, 458 F.3d 883, 884, 888 (9th Cir. 2006). A district court may involve itself in the proceedings, however, if the agency has taken action "in excess of its delegated powers." *Leedom v. Kyne*, 358 U.S. 184, 188 (1958). The parties dispute whether the NLRB's delay – in Plaintiff's view, an unconstitutional denial of due process – renders the NLRB's filing of the administrative complaint an action in excess of its powers.

     According to Plaintiff, the *Leedom* exception applies here because the NLRB has "exceeded the powers delegated to it by Congress" [Dkt. 41 at 8] and "meaningful judicial review is unavailable" (*Id.*, quoting *Americo*, 458 F.3d at 889-890). Plaintiffs contend that it would be futile to ask the NLRB, during the administrative proceedings, to consider whether it had, in bad faith, violated Plaintiffs' due process rights. Thus, according to Plaintiff, there could not be any meaningful review of a final order from the NLRB, so the *Leedom* exception applies.

     In light of the parties' arguments, at the hearing, the Court asked the parties to address two questions not addressed in their papers: (1) whether the Court of Appeals could, in fact, address the issue of laches on appeal if, *arguendo,* the NLRB did not address it during the administrative proceedings and (2) what Plaintiffs expected to discover and its relevance to the ultimate determination of whether laches applied. As ordered by the Court, the parties provided citations to supplemental authority, which the Court has reviewed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:16-cv-06955-PSG (GJSx) | Date | November 10, 2016 |
|---|---|---|---|
| Title | Kava Holdings, LLC, et al. v. Mori Pam Rubin, in her capacity as Regional Director of Region 31 or the NLRB | | |

Ultimately, whether or not the Court has jurisdiction over this case is a matter for the District Judge to decide. But for purposes of this discovery motion,[1] the Court finds Defendant's arguments on this issue more persuasive than those of Plaintiffs. First, even assuming for purposes of argument that the Ninth Circuit's decision in *Americo*[2] is not completely dispositive of the issue, it appears that Courts of Appeal can (and have) addressed the issue of laches in NLRB cases. (*NLRB v. Searle Auto Glass, Inc.*, 762 F.2d 769, 772 (9th Cir. 1985) (an action by NLRB to enforce an order that was nearly two years old, court considered defense of laches); *NLRB v. Int'l Brotherhood of Elec. Workers, Local 98*, 251 Fed. Appx. 101, 103 (3rd Cir. 2007) (court considered and rejected defense of laches). Although the Court recognizes that these cases are not directly on point, involving post-administrative judgment actions by the NLRB rather than appeals by the defendant in an administrative proceeding, they nevertheless demonstrate the plenary review available. The Court thus sees no reason why the Ninth Circuit could not either review a final decision of the Board on the issue, or, if the Board refused Plaintiffs' request for discovery and a hearing on the issue, remand the case for further development of the record if appropriate. *Impact Industries, Inc. v. NLRB*, 847 F.2d 379 (7th Cir. 1988) (remand appropriate where NLRB refused to consider evidence defendant in the administrative proceeding attempted to present); *NLRB v. Burns*, 207 F.2d 434 (8th Cir. 1953) ("Because of lack of due process in the proceedings before the Board [based on improper exclusion of evidence], the question of sufficiency of the evidence" was not addressed by the circuit court, which granted authority for the Board to reopen the case for additional evidence if so advised). Thus, the Court deems it unlikely that the narrow *Leedom* exception applies here.

---

[1] Note that the Court has only considered the authority cited by the parties in the confines of this motion, and has not reviewed any additional authority or argument presented to the District Judge in the briefing filed to date related to the pending motion to dismiss for lack of jurisdiction. Of course, nothing in this Court's decision is binding on the District Judge in any event.

[2] *See Americo*, 451 F.3d at 890-91(finding the exception "inapplicable to Section 10 unfair labor practices hearings").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:16-cv-06955-PSG (GJSx) | Date | November 10, 2016 |
|---|---|---|---|
| Title | Kava Holdings, LLC, et al. v. Mori Pam Rubin, in her capacity as Regional Director of Region 31 or the NLRB | | |

Second, Plaintiffs have not provided the Court with any reason – anything beyond pure speculation – to believe that evidence of bad faith in connection with the NLRB's delay in bringing the administrative complaint exists. To the contrary, Defendant has proffered a good faith reason for the delay, *i.e.*, that the NLRB was awaiting the outcome of a related proceeding that only concluded shortly before the recent filing. [Dkt. 37, Exh. B at 5-6.] Moreover, Defendant avers that it informed Plaintiffs back in 2013 that it would be awaiting the conclusion of the other proceeding [*Id.* (citing Dkt. 1 at ¶ 94)], and Plaintiffs have not provided evidence or argument to the contrary. Thus, other than the length of the delay itself, Plaintiffs have proffered nothing indicative of bad faith. The Court will not order expedited discovery on speculation alone. *United States v. Litton Indus., Inc.* 462 F.2d 14, 18 (9th Cir. 1972) (finding where alleged government bias was speculative, plaintiff was not entitled to discovery); *Carlsson v. U.S. Citizenship & Immigration Servs.*, 2015 WL 1467174 at *9 (C.D. Cal. Mar. 23 2015) (requiring plaintiff to make significant showing that it will find evidence of bad faith before obtaining discovery into agency decision-making).

Plaintiffs state that it would be a "disaster" if its instant motion was denied and the District Judge thereafter denied their motion for preliminary injunction for lack of evidence sufficient to show likelihood of success on the merits. If the District Judge denies the NLRB's motion to dismiss and finds that evidence of bad faith is critical to his decision on the preliminary injunction motion, he may choose, of course, to order discovery at that time. At this juncture, however, this Court does not find that Plaintiffs have met their burden to get the expedited relief they seek.

### 3. Defendant's Cross-Motion for Stay of Discovery

Defendant's motion for a stay of discovery pending the District Court's decision on the pending motion to dismiss is not "ripe" at this time. Discovery is not yet authorized under the Federal Rules. Furthermore, a stay of all discovery would necessarily impact any schedule Judge Gutierrez chooses to set. Without a specific

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:16-cv-06955-PSG (GJSx) | Date | November 10, 2016 |
|---|---|---|---|
| Title | Kava Holdings, LLC, et al. v. Mori Pam Rubin, in her capacity as Regional Director of Region 31 or the NLRB | | |

referral from Judge Gutierrez, this Court cannot set deadlines or otherwise impact the District Court's scheduling order.

Judge Gutierrez has not yet issued an order setting a Rule 16 conference, but the parties are scheduled to appear before him in less than two weeks on the pending motions. The parties will thus appear before Judge Gutierrez before discovery begins. Judge Gutierrez may decide to address Defendant's request for a stay or refer it to this Court at that time.

**THEREFORE**, for the reasons set forth above,

1. Plaintiffs' Motion for Expedited discovery is DENIED.

2. Defendant's Motion for a Stay of Discovery is DENIED.

**IT IS SO ORDERED.**